UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| ROBERT E. PLYLER and BETTY PLYLER, | ] | |
| Plaintiffs, | ] | |
| | ] | |
| vs. | ] | CV-04-CO-2641-J |
| | ] | |
| CONTINENTAL CONVEYOR & EQUIPMENT COMPANY, et al., | ] | |
| Defendants. | ] | |

*FILED*

04 OCT 12 PM 1: 34

U.S. DISTRICT COURT

**ENTERED**

OCT 1 2 2004

MEMORANDUM OF OPINION

I.    Introduction.

Presently before the Court is Plaintiffs' Motion to Remand (Doc. 6), which was filed on September 13, 2004, and Defendants' responses to the motion. Upon due consideration, and for the reasons that follow, Plaintiffs' Motion to Remand is granted. Defendant James David Searles' Motion Requesting Oral Argument is denied, and defendant Continental Conveyor & Equipment Company, Inc.'s Motion to Sever (Doc. 13), to the extent it seeks to sever Count One of Plaintiffs' complaint, will remain pending for determination by the appropriate state court.

II.    Facts.

Plaintiff Robert E. Plyler alleges that while acting in the line and scope of his employment with Continental, he was physically attacked by defendant James David Searles ("Searles") at the Blue Beacon Truck Stop in Carnesville, Georgia.  At the time of the incident, Searles was employed by Smith & Waters, Inc., ("Smith") and Mount Vernon Mills, Inc., ("Mills").

Mr. Plyler filed suit against Continental for workers' compensation benefits (Count One), and against Searles for assault and battery (Count Two) and for negligence and wantonness (Count Three).  Mr. Plyler also made a claim against Smith and Mills for respondeat superior liability as employers of Searles (Count Four) and negligence and wantonness (Count Five).  Finally, Mr. Plyler sued State Farm Mutual Automobile Insurance Company ("State Farm") for underinsured motorist coverage (Count Six). Plaintiff Betty Plyler sued Searles, Smith, and Mills for loss of consortium (Count Seven).

The Plaintiffs are both resident citizens of the State of Alabama.  All of the defendants except Continental are citizens of states other than Alabama.  The case was removed on September 1, 2004, based on 28 U.S.C.

§ 1332 (diversity of citizenship).

III.   Discussion.

Plaintiffs seek the remand of this case based on the failure of all the defendants to join in the removal and because of the untimely joinder in the removal of certain defendants.  In addition, Plaintiffs contend that this case is due to be remanded because Continental, a Delaware corporation with its principal place of business in Alabama, was joined as a defendant, and because the claims they assert against Continental are non-removable claims for worker's compensation benefits.  The Court will only address Plaintiffs' latter argument for remand of this case because it is sufficient to decide this matter.

"A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  28 U.S.C.A. § 1445(c).  As such, Count One is not removable and must be remanded.  The question though is whether that count can be severed and the balance of the suit retained by the Court.  As explained by Searles, "the only jurisdictional dispute between the plaintiff and defendant in the instant case concerns whether this Court has the

ability to sever and remand the plaintiff's workers' compensation claim . . . while retaining jurisdiction over the causes of action that remain." (Doc. 10 at 7.)

Defendants Smith and Mills contend that the Court should sever the workers' compensation claim (Count One), remand that claim, and retain jurisdiction of the remainder of the case. In support of this argument, Smith and Mills, as well as Searles, direct the Court to the cases of *Reed v. Heil Co.*, 206 F.3d 1055 (11th Cir. 2000) and *Weldon v. Weyerhauser Co.*, 1994 U.S. Dist. LEXIS 21084 (N.D. Ala. Nov. 8, 1994). The Court notes, however, that before it can sever Count One and thereby create jurisdiction over the remainder of the case, the Court must have the authority to act. In other words, a court must have jurisdiction before it can create its jurisdiction. As the Supreme Court declared many years ago, "[w]ithout jurisdiction the court cannot proceed at all in any cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869).

Therefore, in evaluating the defendants' argument, the Court starts with the proposition that "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute."

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For removal to be proper, the Court must have subject-matter jurisdiction in the case. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

At first glance, it would appear that *Reed* and *Weldon* support the defendants' position—but they do not. An explanation of the authority for the requested severance (other than pointing to the two cases and saying "they did it") is missing from the defendants' briefs.[1]   This is understandable, however, because to set out the authority of the courts in severing the claims in *Reed* and *Weldon* would eliminate any support the cases lend to the defendants' position. In both *Reed* and *Weldon* the court was authorized to sever and remand the non-removable claim by operation of 28 U.S.C. § 1441(c), which states:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more

---

[1] The defendants did explain the rationale for a severance of Count One: Worker's compensation claims involve the application of different laws and are to be tried to the court alone without a jury.

> otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

In *Reed* and *Weldon*, the "separate and independent claim or cause of action" was "within the jurisdiction conferred by section 1331." In the instant case, however, the removing defendants contend the Court has jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and not section 1331 (federal question). Removal statutes must be strictly construed against removal, and any doubts should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The defendants Smith, Mills, and Searles each refer to Judge Haltom as "applying the plain language of 28 U.S.C. § 1441" in rendering his opinion in *Weldon*. (Doc. 11 at 13; Doc. 10 at 9.) The plain language of the statute cannot be applied to this case. The case was not removed based on a federal question. Thus, this Court does not have the jurisdiction to sever the workers' compensation claim and thereby create the jurisdiction to hear the balance of the case.

In the Notice of Removal, Smith and Mills assert that Continental was

fraudulently joined.  In support of this argument, Smith and Mills direct the Court to Judge Albritton's 1993 unpublished opinion in *Williams v. Bridgestone/Firestone, Inc.*, CV-93-A-073-N (M.D. Ala. May 21, 1993), but did not attach a copy of the opinion for the Court to review.  The Court has, however, reviewed Judge Albritton's 2001 opinion of *Brooks v. Paulk & Cope, Inc.*, 176 F. Supp. 2d 1270 (M.D. Ala. 2001).   In *Brooks*, Judge Albritton discussed in detail the issue of fraudulent joinder in a case with facts similar to those in the instant case.   The removing defendants in *Brooks* made substantially the same arguments as Smith, Mills, and Searles in this case. The Court finds the reasoning set forth in *Brooks* on this issue persuasive. The defendants have failed to demonstrate that Continental was fraudulently joined.

IV.   Conclusion.

This Court is of the opinion that it does not have jurisdiction over Plaintiffs' claims against the defendants. This case will be remanded to the Circuit Court of Marion County, Alabama.  A separate order will be entered.

Done this 12th day of October 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE